LEMMON, Judge.
This is a tort action against (1) Calvin Morgan, the driver of the truck which struck plaintiffs’ car from the rear, (2) National Corporation Service, Inc., Morgan’s employer, and (3) Garrard Chevrolet, Inc., the owner of the truck Morgan was driving. Plaintiffs have appealed from a judgment dismissing National and Garrard after a trial on the merits.
Morgan testified: On the night of the accident he had reported to work at 6:00 p. m. .as National’s security guard on Gar-rard’s premises. After midnight a wrecker towed in a station wagon, and the wrecker driver asked him to drive home the owner of the vehicle, who appeared to be shaken up. He did so in a truck owned by Garrard. On his return trip he detoured to pick up a key at his apartment and then, while heading back to Garrard’s premises, became involved in the accident in suit.
In the ensuing litigation plaintiffs asserted that Morgan, at the time of the accident, either was in the course and scope of his employment with National or was Garrard’s borrowed employee. Either theory, if legally acceptable, requires the factual acceptability of the events related by Morgan. The trial judge rejected his story, and we affirm.
The surrounding circumstances tend to contradict, rather than to corroborate, Morgan’s story. On the night of the accident he was the only security guard on the premises. Although he had telephone access to National supervisory personnel for assistance, he nevertheless left the premises completely unattended, rather than calling a supervisor, or a taxicab, or an ambulance. After the accident he did not tell the investigating officer or the plaintiffs where he had been. Neither did he mention the accident when he made his next hourly telephone report (late) to National. In fact, he never reported the accident either to National or to Garrard, who discovered the damaged truck on the premises, but were unaware of the cause of the damage until the company received a letter from plaintiffs’ attorney. Morgan’s security inspection report for the work shift indicated no “visitors”, no “rounds omitted”, and no “other conditions to report”. Although Garrard used only three wrecker services and Morgan stated the particular wrecker *938 driver came to the premises once or twice a week, he was unable to identify the driver or the name of the wrecker service. Neither could he identify the injured person or the address to which he delivered him.
In his reasons for judgment the trial judge stated:
“The Court closely analyzed Calvin Morgan’s testimony and comes to the conclusion that his testimony is not trustworthy. The Court analyzed his demeanor, his actions, the expressions on his face, the Court concludes in its statements of reasons herein that Calvin Morgan left the Garrard Chevrolet that evening in a pickup truck to go get his keys at his apartment; the Court is convinced from all of the testimony that there was no wrecker that came into the yard, that there was no disabled car that was brought in.”
Great weight must be accorded to the factual findings of the trier of fact, whose reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appellate review. Canter v. Koehring Co., 283 So.2d 716 (La.1973). Since our review of the record reveals no manifest error in the trial judge’s rejection of Morgan’s implausible story, we conclude plaintiffs have failed to prove Morgan either was in the course and scope of his employment with National or was Garrard’s borrowed employee.
Alternatively, plaintiffs contend Morgan was driving the truck with Gar-rard’s express or implied consent and was thus an omnibus insured under Garrard’s liability insurance policy. National had instructed Morgan not to use any of Gar-rard’s vehicles. Morgan stated, however, that he used this particular truck to make his rounds in inclement weather, with the knowledge of Garrard’s general manager. The manager denied this and pointed out that the particular truck belonged to the parts department and that when the department closed (before the guard came on duty), the truck was usually locked in an area to which the guard had no key. Furthermore, even Morgan conceded that he had never before left the premises with one of Garrard’s vehicles. Finally, Morgan’s driving the truck on that evening was not even an act in furtherance of Garrard’s business interest, since he left the premises completely unguarded against fire, theft or vandals.
We conclude plaintiffs failed to prove Morgan was driving the car with Garrard’s express or implied permission so as to provide coverage under the .policy.
The judgment is affirmed.

AFFIRMED.